IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60208
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

DARRYL J. BONDS,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
- - - - - - - - - -
October 1, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:

The Government appeals the district court's grant of Darryl J. Bonds' motion to suppress the evidence obtained as a result of the stop and search of his vehicle and person, as well as the subsequent search of his business. The Government argues that there was reasonable suspicion to stop Bonds' vehicle. It cites the fact that the stop occurred in a high-crime area, near a building that appeared to be abandoned, and that citizen complaints suggested that the property was being used for public drinking and drug dealing.

Bonds argues that the motion to suppress was properly granted because the Jackson Police Department officers did not have reasonable suspicion to stop him. He contends that the

citizen complaints were not sufficiently reliable and that the officers did not confirm that he was engaged in any illegal activity prior to stopping him.

The evidence presented at the hearing on the motion to suppress established that citizens had made complaints about people congregating in the area around a building known as the "Ice House" and drinking or perhaps dealing in drugs. Although the police officers believed that the Ice House was abandoned, it actually housed a recording studio owned by Bonds. It was located in a high crime area. Surveillance of the area on the day in question showed that three or four African-American males were on the property apparently having a cookout. A black car was observed on the lot. Bonds was stopped by the police as he was backing a black car out of the parking lot. At the time he was stopped, the police did not observe any other people on the premises.

We hold that the motion to suppress was properly granted. Given the general nature of the citizen complaints and the lack of evidence of criminal activity by Bonds, the Government did not meet its burden to establish reasonable suspicion for an investigatory stop. See Florida v. J.L., 529 U.S. 266, 274 (2000); Brown v. Texas, 443 U.S. 47, 48-49, 52-53 (1979).

AFFIRMED.